# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHELLE DENISE TURNER,**

      **Plaintiff,**

v.                                Case No: 6:16-cv-2074-Orl-41DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Michelle Denise Turner (Claimant) appeals the Commissioner of Social Security's final decision denying her applications for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by failing to properly consider: 1) the frequency of her hospitalizations; 2) her seizures; 3) her abdominal impairments; and 4) and her hallucinations. Doc. 15 at 10-13, 17-20, 23-25; 27-30. Claimant requests that the matter be reversed and remanded for further proceedings. *Id*. at 32. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

## I. PROCEDURAL HISTORY.

On June 23, 2015, Claimant applied for disability benefits claiming that she became disabled as of March 15, 2014. R. 283-91. Claimant was represented by counsel throughout the administrative process.

On June 24, 2015, Claimant completed a disability report (First Report) claiming that the following impairments limited her ability to work: depressive disorder; anxiety disorder; and back pain. R. 383.

On August 31, 2015, Claimant completed a second disability report (Second Report) claiming that she experienced the following changes in her condition:

> The pain [Claimant] experiences in her neck and lower back due to herniated discs has seen a significant increase. Additionally the severity of [Claimant's] depression and anxiety have increased to the point where she has had occasional suicidal ideations. [Claimant] takes Prozac, Atarax, and Doxepine to combat anxiety, depression, and insomnia. These medications have lead (sic) to serious side effects such as dizziness, confusion, dry mouth, and lethargy, which when coupled with the severe pain in her back and neck, have even further limited her functionality.

R. 465. Claimant, though, stated that she did not suffer from any new impairments since the First Report. *Id*.

On December 3, 2015, Claimant completed a third disability report (Third Report) claiming that she experienced the following changes in her condition:

> [Claimant] suffers from severe depression and anxiety attacks, which lead to suicidal ideations. Physically, her neck and back pains are getting more severe.

R. 491. Claimant also stated that she began suffering from a new impairment, namely, a "painful stomach ulcer." *Id*.[1]

On March 31, 2016, Claimant's counsel submitted a brief stating that Claimant's "most severe disabilities" include the following impairments: bipolar disorder; major depressive disorder, recurrent, severe, with psychotic features; alcohol use disorder; barbiturate use disorder; opiate use disorder; anemia; lumbago; and homelessness. R. 526. Claimant further argued that she met the listing for affective disorders, Listing 12.04. R. 526-40.

That same day, the ALJ held a hearing at which Claimant and her counsel appeared. R. 38-63. Claimant's testimony focused on the impairments that she had disclosed in her First Report.

---

[1] Claimant also identified several other allegedly new impairments, including medication side effects and neck and back pain, but Claimant raised these issues in the First and Second Reports, R. 383, 465, and, thus, they were not new issues.

R. 40-57. Consequently, there was no discussion about Claimant's hospitalizations, seizures, abdominal impairments, or hallucinations. *Id*. At the conclusion of Claimant's testimony concerning her impairments, the ALJ asked Claimant if she has "any other medical conditions that we have not talked about as of yet," to which Claimant replied, "No." R. 57.

On July 13, 2016, the ALJ entered her decision finding that Claimant was not disabled. R. 14-25. Claimant filed a request for review with the Appeals Council, along with a letter from counsel. R. 7-8, 546-47. In the letter, Claimant argued that the ALJ erred by finding that she did not meet Listing 12.04, and further erred by not discussing, and, thus, not considering her seizure impairment. R. 546-47. On September 27, 2016, the Appeals Council entered its decision denying Claimant's request for review. R. 1-5. This appeal followed.

## II. THE ALJ'S DECISION.

The ALJ found that Claimant has the following severe impairments: degenerative disc disease; dysfunction of the major joints; substance abuse disorder; affective disorder; and anxiety disorder. R. 16. The ALJ, however, found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 17-19.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[2] with the following specific limitations:

> [Claimant] can stand or walk for two hours and sit for up to six hours in an eight-hour workday; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; she can perform simple task[s], and

---

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567, 416.967(b).

> she can have occasional[] interaction with the public and co-workers.

R. 19. The ALJ found that Claimant could not perform her past relevant work, but found that she could perform other work in the national economy. R. 23-25. Thus, the ALJ found that Claimant was not disabled between her alleged onset date, March 15, 2014, and the date of the decision, July 13, 2016. R. 25.

## III. STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. ANALYSIS.

This appeal centers on steps four and five of the sequential evaluation process. Claimant argues that the ALJ failed to discuss and consider her hospitalizations, seizures, abdominal impairments, and hallucinations. Doc. 15 at 10-13, 17-20, 23-25, 27-30. Thus, Claimant argues

that the ALJ failed to account for these impairments in her RFC determination, and, consequently, failed to account for these impairments in her hypothetical to the Vocational Expert (VE). *Id*. Therefore, Claimant argues that the ALJ failed to apply the correct legal standards in determining her RFC, and, thus, the ALJ's ultimate determination that Claimant is not disabled is not supported by substantial evidence. *Id*.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In evaluating the claimant's RFC, the ALJ considers the claimant's ability to "meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4). The ALJ must consider all of the claimant's medically determinable impairments, even those not designated as severe. *Id*. §§ at 404.1545(a)(2), 416.945(a)(2).

The ALJ may consider the testimony of a VE at step five of the sequential evaluation process when determining whether the claimant can perform other jobs in the national economy. *Phillips*, 357 F.3d at 1240. The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include in the hypothetical question "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported," *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony, but fails to include all the claimant's functional limitations

in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

## A. Hospitalizations.

Claimant argues that the ALJ failed to discuss, and, thus, consider, the frequency of her hospitalizations. Doc. 15 at 10-11. Claimant argues that this omission is significant, because the record reveals that she would miss more than two days of work per month due to her hospitalizations, which, according to the VE, would not be tolerated by most employers. *Id*. at 12 (citing R. 62). Thus, Claimant argues that the Commissioner failed to apply the correct legal standards with respect to her hospitalizations, and, as a result, the ALJ's decision is not supported by substantial evidence. *Id*. at 12-13

The Commissioner, in response, argues that the ALJ had no duty to consider Claimant's hospitalizations because she did not allege that she was disabled due to her hospitalizations. Doc. 15 at 13-15. The Commissioner also argues that even if the ALJ should have expressly considered Claimant's hospitalizations, a majority of those hospitalizations were related to her substance abuse, and, thus, cannot support a finding of disability. *Id*. at 15-16. Further, the Commissioner argues that Claimant has failed to demonstrate that she would miss more than two days of work per month due to her hospitalizations. *Id*. at 16. Thus, in light of these arguments, the Commissioner argues that the ALJ did not commit any error with respect to Claimant's hospitalizations.

The claimant has the burden of proving that he or she is disabled, and, thus, entitled to receive disability benefits. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The ALJ, though, has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422

(11th Cir. 1997) (per curiam).³ This duty generally requires the ALJ to assist in gathering medical evidence, and to order a consultative examination when such an evaluation is necessary to make an informed decision. 20 C.F.R. §§ 404.1512(b), 416.912(b). This duty, however, does not require the ALJ to "scour the medical record searching for other impairments that might be disabling, either individually or in combination, that have not been identified by the claimant." *East v. Barnhart*, 197 F. App'x 899, 902 (11th Cir. 2006).⁴ Thus, the Eleventh Circuit has routinely concluded that the ALJ has no duty to consider an impairment that the claimant did not allege to be disabling during the administrative process. *Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017); *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010); *East*, 197 F. App'x at 902; *Street v. Barnhart*, 133 F. App'x 621, 627-28 (11th Cir. 2005).

As an initial matter, the undersigned is not persuaded that, in order to trigger the ALJ's obligation to consider Plaintiff's hospitalizations in reaching the RFC determination, Claimant was required first to allege that she was disabled *due to* her hospitalizations. The need for hospitalization is not an impairment, but, instead, a consequence of one's impairments. Thus, the undersigned would not expect a claimant to allege that he or she is disabled due to frequent hospitalizations. So the undersigned finds unavailing the Commissioner's reliance on *Sullivan*, *Robinson*, *East*, and *Street*; those cases involved the failure to allege that a particular impairment supported a claim of disability. Instead, the frequency with which a claimant is hospitalized due the impairments they allege to be disabling may simply be a fact that the ALJ considers when

---

³ The basic duty to develop the record rises to a "special duty" where the claimant is not represented during the administrative proceedings. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Claimant was represented during the administrative proceedings. *See, e.g.*, R. 38-63. Therefore, the ALJ, in this case, only had a basic duty to develop the record.

⁴ In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

determining the claimant's RFC. Here, the undersigned finds that the ALJ should have considered Claimant's hospitalizations in determining Claimant's RFC.

While the ALJ did not expressly discuss Claimant's hospitalizations, *see* R. 14-25, that does not necessarily mean that the ALJ did not consider the impact of Claimant's hospitalizations in determining Claimant's RFC. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [its] decision, so long as the ALJ's decision" enables the reviewing court "to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotation omitted). The record reveals that Claimant was hospitalized on a voluntary and involuntary basis on several occasions during the relevant period, with various physical and mental impairments. *See, e.g.*, R. 575, 582, 613, 644, 799, 929, 1041, 1063, 1091, 1162, 1486, 1520, 1551, 1681, 1868, 1901. The admissions lasted anywhere from one to eight days. *See id.* The ALJ considered the medical records stemming from many of Claimant's hospitalizations. *See* R. 21 (citing to numerous medical records from Claimant's hospitalizations). Thus, while the ALJ did not expressly discuss each hospitalization or the frequency with which Claimant was hospitalized, the ALJ's decision nevertheless reveals that she considered Claimant's hospitalizations. Thus, the undersigned is not persuaded that the ALJ failed to consider Claimant's hospitalizations.

Further, Claimant has failed to demonstrate that she would miss more than two days of work per month. The record, as previously mentioned, reveals that Claimant was hospitalized on about 16 occasions during the relevant period,[5] with many of the admissions lasting only a few days. R. 575, 582, 613, 644, 799, 929, 1041, 1063, 1091, 1162, 1486, 1520, 1551, 1681, 1868,

---

[5] This figure is less than the figure offered by Claimant, because Claimant included five occasions that occurred in the years preceding her alleged onset date, R. 1024, 1032, 1127, 1146, 1498, which the undersigned does not find relevant to the issue at bar.

1901. Claimant generally argues that "[t]he medical evidence of record supports a finding that [she] would miss more than two days of work per month due to her repeated hospitalizations for various medical issues." Doc. 15 at 12. Claimant, however, does not explain how she arrived at this figure. *See id*. Further, this figure is not supported by the record. First, it appears that Claimant's argument relies on her claim that she was hospitalized at least 21 times. *See id* at 11. The hospitalizations Claimant refers to occurred between June 2010 (R. 1146) and December 2015 (R. 1901), a span of 66 months. Thus, based on the evidence Claimant relies on, she averaged one hospitalization every three months. This falls short of Claimant's contention on appeal. Second, even if the Court were to only consider the 16 hospitalizations that occurred during the relevant period, which spanned 28 months, Claimant still averaged only one hospitalization every month and a half. The foregoing does not provide any insight into the average length of Claimant's hospitalization, but nevertheless demonstrates that the record does not support Claimant's argument that she would miss more than two days of work per month due to her hospitalizations. Therefore, the undersigned finds Claimant's argument is not supported by the record, and, thus, finds that the ALJ did not commit any error by with respect to Claimant's hospitalizations.

Accordingly, the undersigned **RECOMMENDS** that the Court reject Claimant's first assignment of error.

### B. Seizures, Abdominal Impairments, and Hallucinations.

Claimant argues that the ALJ failed to discuss, and, therefore, consider, her seizures, abdominal impairments, and hallucinations. Doc. 15 at 17-20, 23-25, 27-30. Thus, Claimant argues that the ALJ failed to account for these impairments in her RFC determination, and, consequently, failed to account for these impairments in her hypothetical to the VE. *Id*. Claimant argues that the ALJ failed to apply the correct legal standards in determining her RFC, and, thus,

the ALJ's ultimate determination that Claimant is not disabled is not supported by substantial evidence. *Id.*

The Commissioner, in response, argues that the ALJ had no duty to consider Claimant's seizures, abdominal impairments, and hallucinations because she did not allege that she was disabled due to those impairments. Doc. 15 at 20, 26, 30. The Commissioner also argues that even if the ALJ should have expressly considered Claimant's seizures and hallucinations, those impairments were related to her substance abuse, and, thus, cannot support a finding of disability. *Id.* at 20-21, 30-32.[6] Further, the Commissioner argues that Claimant has failed to demonstrate that her seizures and abdominal impairments resulted in any functional limitations that were not included in the ALJ's RFC determination. *Id.* at 21-22, 27. In light of these arguments, the Commissioner argues that the ALJ did not commit any error with respect to Claimant's seizures, abdominal impairments, or hallucinations.

The record reveals that Claimant did not allege that she was disabled due to seizures or hallucinations during the administrative process. R. 40-57, 383, 465, 491, 526-40.[7] Claimant also never alleged that she was disabled due to "abdominal impairments," which appears to be a broad reference to various issues that she experienced at various points during the relevant period, including, but not limited to, nausea, vomiting, diarrhea, and abdominal pain (*see* Doc. 15 at 23-

---

[6] The Commissioner did not assert a similar argument in relation to Claimant's abdominal impairments. *See* Doc. 15 at 26-27.

[7] The undersigned is mindful that Claimant argued that the ALJ failed to consider her seizures before the Appeals Council. R. 546-57. This argument, however, did not put the ALJ on notice that Claimant was seeking disability, in part, due to her seizures. Further, Claimant does not argue that the Appeal Council erred in any way. Thus, the undersigned finds Claimant's argument before the Appeals Council is irrelevant to the outcome of this appeal.

25). *Id.*[8] The ALJ, as previously mentioned, was under no duty to scour the medical record in search of evidence related to Claimant's seizures, abdominal impairments, and hallucinations since Claimant did not allege that she was disabled as a result of those impairments. *East*, 197 F. App'x at 902. This is especially true given the fact that Claimant was represented by counsel throughout the administrative process. Thus, the ALJ only had a basic duty to develop the record, and based on Claimant's allegations during the administrative process and a review of the medical record, the ALJ satisfied that duty, and was, consequently, under no additional duty to consider Claimant's seizures, abdominal impairments, and hallucinations. *Sullivan*, 694 F. App'x at 671; *Robinson*, 365 F. App'x at 995; *East*, 197 F. App'x at 902; *Street*, 133 F. App'x at 627-28. Therefore, to the extent that the ALJ did not consider Claimant's seizures, abdominal impairments, and hallucinations, the undersigned finds that the ALJ did not err by not considering those impairments. *See id*.

Further, to the extent that the ALJ should have considered Claimant's seizures, abdominal impairments, and hallucinations, Claimant has failed to demonstrate that these impairments caused functional limitations greater than those contained in the ALJ's RFC determination. Claimant points to various portions of the record claiming that the record demonstrates that she suffered from seizures, abdominal impairments, and hallucinations. Doc. 15 at 18, 23-25, 28-29. The evidence highlighted by Claimant reveals that she has suffered one or more seizures, that she

---

[8] Claimant, however, did mention that she suffered from a "painful stomach ulcer" in the Third Report, R. 491, but it does not appear that she claimed it contributed to her disability because there was no mention of that impairment or any other abdominal impairment in her hearing brief (*see* R. 526-40) or at the hearing (*see* R. 40-57). Thus, it does not appear that she sufficiently asserted that her ulcer supported her claim for disability during the administrative process. To the extent that Claimant did sufficiently assert that her ulcer supported her claim for disability, the undersigned finds that any error in failing to consider that impairment is harmless since Claimant has failed to demonstrate, and the record does not otherwise reveal, that the impairment caused greater functional limitations than those included in the ALJ's RFC determination.

experienced various issues in her abdominal region, and that she has experienced several episodes of hallucinations. *Id*. The mere presence of an impairment, however, does not reveal the extent to which that impairment limits a claimant's ability to perform work-related functions. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Thus, the mere fact that Claimant suffered from seizures, abdominal impairments, and hallucinations does not reveal the extent to which these impairments limit her ability to perform work-related functions. Indeed, the records highlighted by Claimant do not reveal that her seizures, abdominal impairments, and hallucinations caused functional limitations greater than those contained in the ALJ's RFC determination. *See, e.g.*, R. 582-87, 740-44, 929-33, 1520-21, 1681-82 1870-74, 1901. Further, Claimant provides no argument explaining what, if any, functional limitations were caused by her seizures, abdominal impairments, and hallucinations that were not accounted for in the ALJ's RFC determination. Thus, the undersigned finds that the evidence Claimant relies on does not undermine the ALJ's RFC determination, and, thus, to the extent that the ALJ did not consider Claimant's seizures, abdominal impairments, and hallucinations, Claimant has failed to show any prejudice resulting from the ALJ's failure to make specific findings regarding those impairments. *See Robinson*, 365 F. App'x at 996 ("Moreover, the Plaintiff provides no indication that her CFS created functional limitations beyond those found by the ALJ. Consequently, Robinson has not shown any prejudice resulting from any failure by the ALJ to make specific findings regarding her CFS diagnosis.").[9]

---

[9] The Commissioner, as previously mentioned, also argued that Claimant's seizures and hallucinations were related to her substance abuse, and, thus, cannot support a finding of disability. Doc. 15 at 20-21, 30-32. The undersigned need not address this argument in light of foregoing findings. Further, while this argument may have merit, *see* 20 C.F.R. §§ 404.1535, 416.935, the undersigned finds it would be inappropriate to address this argument because it would necessarily involve findings of fact related to the impact of Claimant's substance abuse, which the ALJ did not make in her decision.

Accordingly, the undersigned **RECOMMENDS** that the Court reject Claimant's second, third, and fourth assignments of error.

## V. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 1, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy